UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE BENYAMIN,
        Plaintiff,

   v.

COMMONWEALTH MEDICINE           CIVIL ACTION NO. 11-40126-FDS
UMASS MEDICAL CENTER, INC., ET AL.,
        Defendants.

## MEMORANDUM AND ORDER

TAURO, D.J.

## BACKGROUND

On July 1, 2011, Plaintiff George Benyamin (Benyamin), a prisoner at the North Central Correctional Institution (NCCI) in Gardner, Massachusetts, filed this civil action pursuant to 42 U.S.C. §§ 1983 and 1985, against three Defendants: (1) Commonwealth Medicine UMass Medical Center, Inc.; (2) Gene Chaissen, Manager of the Health Services Unit of NCCI; and (3) Nurse Carol Martin. Benyamin alleges the Defendants have been deliberately indifferent to his serious medical needs, and have conspired against him as a medically-handicapped plaintiff, by cutting off his daily food diet, including snacks with cereals and milk. Benyamin alleges he is a diabetic, and needs daily food servings of fruits, fruit juices, cereals, and milk. He claims the Defendants have denied him these foods, "awaiting his medical collapse and death." Compl. at 3. He asserts he is receiving the same foods as the general inmate population, and is losing weight daily. Further, he claims that as a result of the lack of proper dietary medical care, his insulin levels have dropped dangerously low, causing him to experience shakiness and weakness. He has had to seek emergency medical attention late at night by knocking on his cell door. He asserts that correctional officers often disregard his requests for help, and because his actions wake up other prisoners, he is the recipient of threats against him by inmates. *Id.* at 5-6. He

contends that he was advised by (an unidentified) nurse that if he was receiving his daily diet and snacks and milk, he would not be subject to this danger.

Finally, Benyamin alleges he has suffered 10 eye surgeries, and the Defendants are retaliating against him and taking advantage of him because he is incarcerated under false pretenses. He alleges false imprisonment because his criminal charges were defective, and because the state and local governments prosecuted him in retaliation for his efforts in prosecuting claims against several persons and agencies with respect to confiscation of his assets.[1]

Benyamin seeks a restraining order commanding the Defendants to restart serving his daily diabetic food meals, along with snacks and milk, especially in the late evening and at breakfast. He also seeks a restraining order prohibiting harassment and retaliation against him, as well as $1,500,000.00 in compensatory damages, and $50,000.00 in punitive damages.

Accompanying the Complaint, Benyamin filed a Motion for a Temporary Restraining Order (Docket No. 2), and Motion for Leave to Proceed *in forma pauperis* (Docket No. 3).

DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

Where, as here, Benyamin is a prisoner, a request to proceed without prepayment of the

---

[1] Benyamin previously brought suit against several private attorneys, law firms, prosecutors, police officers and court personnel seeking equitable and monetary relief pursuant to 18 U.S.C. § 1964, the civil RICO remedy. He contended the Defendants conspired to take his rental properties and usurp his limousine car-rental business. That action was dismissed. See Benyamin v. Belliveaux, et al., Civil Action No. 03-40152-NMG. Thereafter, Benyamin filed another civil action against 26 Defendants, including most of the principal participants in his criminal trial (for rape and indecent assault and battery), alleging that he was the target of a conspiracy to steal his real estate properties. The allegations were substantially identical to his 2003 lawsuit. The action was dismissed on the grounds of *res judicata* and on the merits. See Benyamin v. Beliveau, et al., Civil Action No. 05-40004-FDS, aff'd Benyamin v. Beliveau, et al., Nos. 05-1481; 05-1524 (1st Cir. 2005) (Mandate, Docket No. 15).

filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Here, Benyamin failed to submit a certified prison account statement for the six-month period preceding the filing of his Complaint. Moreover, Benyamin indicates that he has saved $860.00 in order to "get a room when I get out." Motion (Docket No. 3 at 2).

In light of the failure to submit his certified prison account statement as required, and in light of the statement that he has sufficient funds in his account to pay the $350.00 filing fee (notwithstanding that he would rather use those funds for some other purpose), this Court cannot find that he qualifies for *in forma pauperis* status at this juncture.

Accordingly, Benyamin's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> without prejudice. Within 21 days of the date of this Memorandum and Order, Benyamin either shall pay the $350.00 filing fee, or renew his *in forma pauperis* motion along with his certified prison account statement for the six-month period preceding the filing of the Complaint. Failure to comply with this directive will result in a dismissal of this action.

II.  <u>The Complaint is Subject to Screening</u>

Although Benyamin is not proceeding *in forma pauperis* at this time, his Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state

3

a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A. In reviewing this action, this Court liberally construes Benyamin's Complaint because he is proceeding *pro se.* See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Upon review of the Complaint, the Court finds his claims are subject to dismissal because they fail to state cognizable federal claims against the named Defendants.

III.  Failure to Comply With Rule 8 of the Federal Rules of Civil Procedure; Failure to State Plausible Claims Upon Which Relief May Be Granted

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004).

Here, Benyamin asserts claims collectively against the three Defendants, but fails to

4

parcel out the specific underlying factual allegations to support his claims.[2]  Although he generally alleges inadequate dietary care for his diabetes, he fails to state any plausible claims for relief against the named Defendants.  In short, as pled, he fails to provide sufficient notice to the Defendants of the actions or inactions for which each could be held liable; in other words, the Complaint lacks the "who, what, when, where, and why" type information necessary to proceed with this action.  The Complaint contains only bald allegations of false imprisonment, retaliation, and inadequate medical care, but Benyamin fails to provide any underlying facts to support these legal conclusions.

Further, Benyamin's claims of a conspiracy are also amorphous and unsupported by any facts.  Mere allegations of conspiracy to violate civil rights is not sufficient to meet the pleading requirements to assert a cognizable claim.  Rather, the allegations must set forth what part each defendant had in the alleged conspiracy, *i.e.*, it must set forth the "who did what to whom and why."  Columbus v. Biggio, 76 F. Supp. 2d, 43, 52 (D. Mass. 1999) ("Although pleading standards are minimal, the First Circuit requires 'more than conclusions or subjective characterizations.'") citing Dewey v. University of New Hampshire, 694 F. 2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983).  "To present an adequate conspiracy claim, there must

---

[2]By pleading in the manner he has -- collectively asserting his claims against the Defendants -- Benyamin has failed to meet the pleading requirements for proceeding in this Court.  See Bagheri v. Galligan, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (unpublished decision, finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards.").  See also Atuahene v. City of Hartford, 10 Fed. Appx. 33, *34 (2d Cir. 2001) (unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard....").

5

be allegations of a common understanding between the conspiring parties." Dickinson v. Flanagan, 893 F.2d 1338 (Table), 1990 WL 1421, *1 (9th Cir. 1990) (unpublished decision) citing Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir. 1989) cert. denied 110 S.Ct. 69 (1989). No common understanding has been pled here. Similarly, Benyamin asserts amorphous allegations of retaliation, but again fails to plead his claims in accordance with Rule 8 as to each Defendant.[3]

Next, to the extent that Benyamin's claims against UMass Medical Center and Gene Chaissen are based on their status as supervisors or employers, such claims are not cognizable because there is no *respondeat superior* liability under § 1983.[4]

Finally, to the extent that Benyamin is asserting claims under 42 U.S.C. § 1985, these claims also do not comport with the pleading requirements of Rule 8. Section 1985 concerns conspiracies to violate civil rights. Section 1985(1) deals with conspiracies to prevent persons

---

[3]Although Benyamin alleges that he was subject to retaliation by false imprisonment, these claims appear to relate to the alleged wrongful actions of others in connection with his lawsuits regarding the taking of his property rather than the Defendants named in this suit. The Court will not construe this action as a claim alleging false imprisonment by these Defendants, as any false imprisonment claim that seeks to overturn his conviction must be raised in a habeas petition, if at all, rather than this civil action seeking, *inter alia*, monetary damages.

[4]"It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera, 437 F.3d at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). See also Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).

6

from holding office or performing duties of a public office. Section 1985(2) deals with conspiracies to obstruct justice or to interfere with witnesses. Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Here, Benyamin does not allege that the Defendants conspired against him to prevent the holding of public office or from performing the duties of a public office, nor does he set forth that the Defendants conspired against him to obstruct justice or interfere with witnesses. Thus, §§ 1985(1) and (2) do not apply to this case. Furthermore, Benyamin does not assert that the Defendants conspired against him to deprive him of a right based on racial discrimination.

A claim under § 1985 is not cognizable unless Benyamin can show "class-based, invidiously discriminatory animus, and an encroachment on a protected right." Runge v. Kelly, 2006 WL 167497 (D. Mass. 2006) (citing Libertad v. Welch, 53 F.3d 428, 448 (1st Cir.1995)). Moreover, "[t]o establish a § 1985(3) conspiracy, a plaintiff must show a conspiracy between two or more people for the purpose of depriving a person or class of people of the equal protection of the law." Crispin-Taveras v. Municipality of Carolina, 2009 WL 349751, *6 (D.P.R. 2009) (citing Diva's Inc. v. City of Bangor, 411 F.3d 30, 38 (1st Cir. 2005)). "For both types of conspiracy [under subsection (2) and/or (3)], the plaintiff must allege that the conspiracy is motivated by racial or class-based animus." Id.

Here, Benyamin has set forth no facts whatsoever to show a conspiracy among any of the Defendants for the purpose of depriving him of equal protection of the law or for the purpose of

7

obstructing justice. More importantly, Benyamin has failed to set forth any facts from which a discriminatory or class-based animus reasonably may be inferred. Indeed, the Complaint contains no references to race.

Accordingly, Benyamin's claims under § 1985 are subject to dismissal. See Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001) (dismissing petitioner's § 1985 claim as it did not specify which subsection the claim fell under nor did it allege sufficient facts); see Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim).

In light of these pleading deficiencies, Benyamin's Complaint is subject to dismissal in its entirety pursuant to 28 U.S.C. § 1915A.

IV. The Motion for a Temporary Restraining Order

To obtain the extraordinary remedy of preliminary injunctive relief, Benyamin must show that: (1) he will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the Defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993) (extending four part preliminary injunction test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, Benyamin must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

As an initial matter, Benyamin has not certified his efforts to give notice to the adverse parties regarding his request for immediate injunctive relief. Additionally, Benyamin has not

8

shown that he has exhausted his administrative prison remedies with respect to his requests for injunctive relief. Further, Benyamin has not satisfied the filing fee requirements of this Court and therefore is not entitled to any relief until the filing fee issue is resolved.

More importantly, however, this Court cannot find, based on the record, that Benyamin is entitled to temporary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, on an *ex parte* basis. As noted above, his claims of conspiracy and retaliation, and lack of adequate medical care for his diabetes (causing a situation that may put him in danger with his health and other inmates) are conclusory. Although the Court is troubled by the allegations of inadequate medical diet, the record needs to be developed further before this Court can access adequately the merits of Benyamin's claims. Without the benefit of a response from the Defendants, this Court cannot find that he has shown a likelihood of success on the merits, nor can this Court find that the harm to the Defendants would not outweigh the harm to him should injunctive relief be granted. Further, this Court cannot find that Benyamin has shown that granting the relief requested would not adversely effect the public interest.

For all of these reasons, Benyamin's Motion for a Temporary Restraining Order (Docket No. 2) is <u>DENIED</u> in its entirety without prejudice to renew his request <u>after</u> satisfaction of the filing fee requirements of this Court, and <u>after</u> the Defendants have filed a responsive pleading to the Complaint.

V.      Order to Show Cause and Amend the Complaint

In light of the above, this action shall be dismissed within 42 days of the date of this Memorandum and Order unless Benyamin demonstrates good cause in writing why it should not be dismissed. Any show cause response shall not exceed five (5) double-spaced pages and shall

9

address the legal impediments noted above. Additionally, Benyamin shall file an Amended Complaint curing the pleading deficiencies with respect to each of the named Defendants. Failure to comply with these directives will result in a dismissal of this action.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u>;

2. Within 21 days of the date of this Memorandum and Order, Plaintiff shall pay the $350.00 filing fee or he shall file a renewed Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement;

3. Plaintiff's Motion for a Temporary Restraining Order (Docket No. 2) is <u>DENIED</u>; and

4. Within 42 days from the date of this Memorandum and Order, Plaintiff shall demonstrate good cause in writing why this action should not be dismissed, addressing the legal impediments to his claim(s). Plaintiff also shall file an Amended Complaint curing the pleading deficiencies with respect to each of the named Defendants.

SO ORDERED.

                                               /s/ Joseph L. Tauro
                                               JOSEPH L. TAURO
                                               UNITED STATES DISTRICT JUDGE
                                               (Acting as the Emergency Judge)

DATED: July 6, 2011