# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE BENYAMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 11-40126-FDS |
| ) | |
| COMMONWEALTH MEDICINE ) | |
| UMASS MEDICAL CENTER, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION, MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO APPOINT COUNSEL, AND MOTION TO AMEND COMPLAINT

SAYLOR, J.

### I. Introduction

On July 1, 2011, plaintiff George Benyamin, a prisoner at the North Central Correctional Institution ("NCCI"), filed this action alleging that defendants have been deliberately indifferent to his serious medical needs. Along with the complaint, Benyamin filed a motion for leave to proceed *in forma pauperis* and a motion for a temporary restraining order ("TRO").

On July 6, 2011, Judge Tauro, acting as the emergency Judge, denied the motion for a TRO and directed plaintiff either to demonstrate good cause in writing why this action should not be dismissed, or to file an amended complaint curing the pleading deficiencies, within 42 days. Judge Tauro also denied plaintiff's motion to proceed *in forma pauperis*. *See* Memorandum and Order (Docket No. 5).

On July 21, 2011, Benyamin submitted a renewed motion for leave to proceed *in forma pauperis*, along with his prison account statement.

On July 29, 2011, this Court issued a Memorandum and Order denying the renewed motion for leave to proceed *in forma pauperis*, directing Benyamin to pay the $350 filing fee, and directing him to demonstrate good cause why this case should not be dismissed.

In response, on August 24, 2011, Benyamin filed a motion for reconsideration, a motion for temporary restraining order, a motion to appoint counsel, and a motion to amend the complaint to add additional defendants.

**II.     Analysis**

**A.     The Motion to Reconsider the Denial of Benyamin's *In Forma Pauperis* Request**

Plaintiff alleges, for the third time, that he is "entitled" to proceed *in forma pauperis* because he earns no money in prison and has serious health issues and other debts. This Court disagrees, and finds that plaintiff is not entitled to proceed *in forma pauperis* because he has sufficient funds in his prison account to pay the $350 filing fee. Again, the fact that he wishes to use his money for other purposes does not require a different result.

Accordingly, plaintiff's motion to reconsider the denial of his *in forma pauperis* motion will be denied. Plaintiff must pay the $350 filing fee within 21 days or this action shall be dismissed.

**B.     The Renewed Motion for a Temporary Restraining Order**

On July 6, 2011, Judge Tauro denied plaintiff's Motion for a TRO, noting the various legal impediments to plaintiff's claims, and finding that without the benefit of a response from the defendants, he could not gauge the likelihood of success on the merits. Thus, plaintiff failed to meet his burden of showing that emergency relief was warranted. Judge Tauro instructed plaintiff that he could renew his request *after* satisfaction of the filing fee requirements of this Court, and *after* the defendants have filed a responsive pleading to the complaint.

After reviewing the record, this Court agrees with that analysis. At a minimum, unless and until plaintiff pays the $350 filing fee, relief in the form of a TRO will not be granted. Plaintiff's renewed motion for a temporary restraining order will accordingly be denied.

### C. The Motion for Appointment of *Pro Bono* Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether the appointment of counsel is warranted, the Court must examine the totality of the circumstances, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

At this juncture, it appears that plaintiff has insufficient funds to retain counsel on his own. Plaintiff also raises serious issues with respect to his medical care and his current medical condition. Nevertheless, in light of legal impediments to his claims as outlined in Judge Tauro's Memorandum and Order, and in view of the fact that plaintiff must pay the filing fee before this action will be permitted to proceed, this Court cannot find that appointment of *pro bono* counsel is warranted at this time.

Accordingly, plaintiff's motion for appointment of counsel will be denied without prejudice to its renewal only *after* the defendants have filed a responsive pleading if this action is permitted to proceed further, and upon good cause shown for the appointment in light of the response.

3

### D. The Motion to Amend Complaint

Although plaintiff is entitled to amend his complaint once as a matter of right, *see* Fed. R. Civ. P. 15(a)(1), the proposed amended complaint is, in essence, a supplement to his original complaint, not an amended complaint. Moreover, it is not entirely coherent, and does not identify clearly who are the additional defendants to be included in this action, and what claims are asserted against each.

As with the original complaint, the proposed amended complaint fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[1] The motion to amend the complaint will therefore be denied. Although the Court is reluctant to give plaintiff a third bite at the apple, it will nonetheless do so. Within 21 days of the date of this memorandum and order, plaintiff shall file an amended complaint setting forth each of his claims against each defendant in accordance with Rule 8. Specifically, the amended complaint must identify clearly each defendant separately (and not collectively) and give a brief summary of the grounds upon which plaintiff's claims rest. If plaintiff does not do so, the action will be dismissed.

### III. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. The Motion for Reconsideration of the denial of his Motion for Leave to Proceed *in forma pauperis* is DENIED.

2. If plaintiff wishes to proceed with this action, he shall pay the $350 filing fee within 21 days of the date of this memorandum and order, failing which, this action shall be dismissed.

3. The Motion for a Temporary Restraining Order is DENIED.

---

[1] This pleading requirement was addressed by Judge Tauro in more detail in his Memorandum and Order.

4. The Motion to Appoint Counsel is DENIED.

5. The Motion to Amend Complaint is DENIED.

6. Within 21 of the date of this memorandum and order, plaintiff shall file an amended complaint setting forth each of his claims against each defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure, failing which, this action shall be dismissed.

**So Ordered.**

/s/ F. Dennis Saylor<br>
F. Dennis Saylor IV<br>
United States District Judge

Dated: October 18, 2011